**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BLAIR PARKER** | § | |
| | § | |
| **v.** | § | **NO. 4:24-CV-00523-SDJ-BD** |
| | § | |
| **UNITED STATES POSTAL SERVICE** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a personal-injury case arising from a collision between an electric scooter that plaintiff Blair Parker was riding and a mail truck. Dkt. 1 at 2–3. Parker moved for leave to depose Dr. James P. Hovis, a physician who performed surgery on his wrist after the collision. Dkt. 36; *see* Dkt. 38 (response). The motion will be denied.

**BACKGROUND**

According to the motion, Hovis moved to Alaska, and Parker wants to depose him via Zoom because his testimony is necessary to prove that Parker's injuries were caused by the collision and that Parker's medical expenses were reasonable and necessary. Dkt. 36 at 2. But the operative scheduling order required that all discovery be completed by March 20, 2026. Dkt. 28 at 2. According to Parker, his counsel began communicating with the Postal Service's on April 7, 2026, after learning that Hovis had moved. Dkt. 36 at 2. The motion does not explain why Parker waited until after the discovery deadline had expired to begin those discussions.

The motion attaches an email chain of correspondence between the parties' attorneys reflecting that, on April 7, the Postal Service's attorney emailed Parker's attorney to ask where Hovis currently resides. Dkt. 36-1 at 6. On May 1, Parker's attorney responded that Hovis had moved to Alaska and offered three dates on which he could be deposed. *Id.* at 5. The email chain also references a phone call between the lawyers that appears to have happened on May 22. *Id.* at 1. Parker filed his motion that same day. *See* Dkt. 36.

In its response to the motion, the Postal Service asserts that it does not dispute that Parker's injuries were caused by the collision; it argues only that it did not breach a duty owed to Parker.

Dkt. 38 at 1. It also asserts that Parker has known that Hovis would be a necessary witness since 2022, notes that the motion does not say when he learned that Hovis had moved to Alaska, and adds that video-deposition designations are due in less than one week. *Id.* at 2; *see* Dkt. 28 at 2. The Postal Service also asserts that it has retained an expert and, if the court grants Parker's motion, it would seek leave to extend the other deadlines in this case so that its expert can review Hovis's testimony. Dkt. 38 at 4.

## DISCUSSION

When a party asks to extend a deadline before it has passed, the court may do so for "good cause." Fed. R. Civ. P. 6(b)(1). To establish good cause, the movant must show that it could not reasonably have met the deadline despite its diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (discussing good cause to modify a scheduling order under Rule 16(b)).

But when, as here, a party asks to extend a deadline after it has expired, the party must show not only good cause, but also that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Graham v. HRchitect, Inc.*, No. 4:16-cv-743, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017). To determine whether an extension is justified by excusable neglect, the court considers four factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." *Graham*, 2017 WL 3216609, at *1. And in the discovery context in particular, the court considers (1) the explanation for the party's failure to meet the deadline, (2) the importance of the discovery, (3) any potential prejudice in allowing the discovery, and (4) the availability of a continuance to cure that prejudice. *Buttermilk Sky of TN LLC v. Bake Moore, LLC*, No. 4:20-cv-327, 2021 WL 1737240, at *1 (E.D. Tex. May 3, 2021).

In this case, the factors described in *Buttermilk Sky* weigh against Parker. His motion offers no explanation of why Hovis was not deposed before the discovery deadline, Dkt. 36, and the

attachment to his motion indicates that he knew Hovis had moved before the Postal Service did, Dkt. 36-1. Although the Postal Service did not directly address the need for Hovis to prove the reasonableness of Parker's medical expenses, its stipulation that Parker's injuries were caused by the collision reduces the importance of Hovis's testimony. The Postal Service would be prejudiced if Parker deposed Hovis because its expert would be unable to analyze his deposition before the upcoming pre-trial deadlines. And although that prejudice could be cured by a continuance, further delay would inconvenience the Postal Service.

The *Graham* factors also weigh against Parker. It has been more than three months since the discovery deadline passed, and Parker has not explained why he did not even discuss deposing Hovis before then. As noted, granting Parker's motion would either cause prejudice to the Postal Service, whose expert would be unable to evaluate Hovis's testimony, or necessitate further delay. And although there is no indication of bad faith, Parker was the first to know that Hovis moved out of State and that he would be a necessary witness. He has at least acted dilatorily.

### CONCLUSION

It is **ORDERED** that the motion for leave to depose Hovis, Dkt. 36, is **DENIED**.

So **ORDERED** and **SIGNED** this 8th day of July, 2026.

_____
Bill Davis
United States Magistrate Judge

3